# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DERRICK McCAIN, | ) |
| Petitioner, | ) |
| vs. | ) CAUSE NO. 3:15-CV-294 |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Derick McCain, a pro se prisoner, on July 13, 2015. For the reasons set forth below, the Court **DENIES** the petition pursuant to Section 2254 Habeas Corpus Rule 4; **DENIES** the summary judgment motion (DE 3); and **DIRECTS** the clerk to close this case.

DISCUSSION

McCain filed this habeas corpus petition challenging MCF 15-02-319, a prison disciplinary proceeding held at the Miami Correctional Facility where the Disciplinary Hearing Officer (DHO) found him guilty of Battery in violation of B-212. As a result, he was sanctioned with the loss of 60 days earned credit time on March 6, 2015. In his petition, McCain raises three grounds to challenge the finding of guilt.

First, McCain argues that he was overcharged because there is no evidence that he caused injury and therefore he should have only been charged with fighting as a class C offense – rather than with Battery as a class B offense.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. The conduct report states that

McCain was "observed on the DVR system throwing punches and striking other offenders." DE 1 at 10. It states, "[o]ne offender received serious bodily injury during the altercation while the rest received minor or superficial injuries." *Id*. Given that McCain was seen hitting other offenders and everyone involved received some injuries, it was not arbitrary that the DHO concluded that McCain had caused injury to another offender. *Cf*. *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (Affirming finding of guilt where a weapon was discovered in area controlled by four inmates because there was a twenty-five percent chance of guilt.)

Second, McCain argues that he was denied due process because the internal affairs investigator told the DHO that he was guilty. However there was nothing improper about such communication because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd*., 266 F.3d 759, 767 (7th Cir. 2001). Indeed, it would be expected that in most (if not all) cases that proceed to a hearing, the investigator believes that the accused inmate is guilty and has communicated that implicitly (if not explicitly) to the DHO. Nevertheless, is remains for the DHO to make the ultimate decision.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption

> of "honesty and integrity" absent clear evidence to the contrary, see *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, see *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. See *Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Merely hearing that the investigator believed the accused inmate was guilty does not demonstrate that the DHO was biased.

Third, McClain argues that the administrative appeal process is ineffective. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) identified rights related to the disciplinary hearing itself, but it did not provide for any procedural rights on appeal, nor even for a right to appeal at all. The Seventh Circuit has explained that *Wolff* set the limits of due process in prison disciplinary cases and they should not be expanded. See *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Therefore even if McClain is correct that the administrative appeal process is ineffective, that did not deny him due process and it is not a basis for habeas corpus relief.

Finally, McCain filed a motion for summary judgment. He states that he sent the respondent a copy of his habeas corpus petition,

but no response was filed. However that is irrelevant. Section 2254 Habeas Corpus Rule 5(a) provides that "[t]he respondent is not required to answer the petition unless a judge so orders." The respondent was not ordered to answer. Moreover, no answer is needed because pursuant to Section 2254 Habeas Corpus Rule 4, "it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief . . . ." Therefore the petition must be dismissed.

CONCLUSION

For the reasons set forth above, the court **DENIES** the petition pursuant to Section 2254 Habeas Corpus Rule 4; **DENIES** the summary judgment motion (DE 3); and **DIRECTS** the clerk to close this case.

**DATED: March 16, 2016**

/s/RUDY LOZANO, Judge
**United State District Court**